IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELAM, RASHAAN, MECHELLE,** | : | Civil No. 1: 18-mc-0501 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **JOSH SHAPIRO, et al.,** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

### **M E M O R A N D U M**

Presently before the court is the Honorable Jessica Brubaker, the Honorable Edward Guido, the Honorable Christylee Peck, and the Honorable Thomas Placey's ("Judicial Defendants") motion to dismiss (Doc. 11) a document filed by Plaintiff Elam Rashaan Mechelle ("Plaintiff"), which the court will construe as a complaint seeking declaratory and injunctive relief ("Complaint"). The Complaint apparently implores this court to declare all Pennsylvania statutes unconstitutional, with a particular emphasis on certain statutes that require Plaintiff to register her name and other identifying information with the Commonwealth. (Doc. 1, p. 6.) For the reasons that follow, the court will dismiss the Complaint.

**I.    Background**

Initially, the court notes that this matter was docketed as a "Miscellaneous Case." It is unclear whether Plaintiff chose this designation in an effort to avoid paying the full amount of the filing fee for filing a complaint or if this was merely

a clerical error. Regardless, the only thing that is clear from Plaintiff's filing is that it was an attempt to initiate a civil proceeding in this court. The court will direct the clerk of court to properly assign this case a civil docket number and will require Plaintiff to pay the balance of the initial filing fee of $350 as well as any other applicable fees if she chooses to pursue her claim.[1] Alternatively, Plaintiff may seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915; Local Rule 4.3.

Other than the fact that Plaintiff is seeking declaratory and injunctive relief, it is difficult to glean much else from the voluminous pages of her various filings. (Docs. 1-10.) Plaintiff has submitted myriad puzzling documents such as "Notice of Affidavit of Facts to Right to Travel," "Formal Notice Requesting Article III Judge/Circuit Rider be Assigned to Case," and "Notice and Demand for Clarification of the Filing Record." (Docs. 2, 5, 9.) Plaintiff makes references to the Hague Convention, the Uniform Commercial Code, and the Magna Carta throughout the filings. As best this court can tell, Plaintiff is arguing that the Supremacy Clause of the Constitution invalidates any and all laws enacted by the Pennsylvania legislature. (Doc. 1, p. 6.) Plaintiff also appears to argue that the right to Freedom of Religion enshrined in the First Amendment precludes enforcement of any laws "that violate [her] religious beliefs," which apparently include any law requiring her to register identifying information with the

---

[1] *See* http://www.pamd.uscourts.gov/district-court-miscellaneous-fees.

Commonwealth or obtain a driver's license in order to lawfully operate a motor vehicle. (*Id.*) The impetus for Plaintiff's request appears to stem from a criminal action in the Cumberland County Court of Common Pleas in which Plaintiff was charged with possessing a "Firearm Not to be Carried Without a License," "Obstructing the Administration of Law," "Disorderly Conduct," and other summary traffic offenses. (Doc. 3.) This case appears to be ongoing. *See Commonwealth v. Elam*, No. 21-cr-1262-2018 (Cumberland Cnty. Ct. Com. Pls. Filed May 7, 2018).

## II. Discussion

To the extent Plaintiff's Complaint is comprehensible, it is patently frivolous and without merit. However, insofar as the Complaint makes factual allegations, the court takes those allegations as true and draws all *reasonable* inferences in Plaintiff's favor. *See Wisniewski v. Johns–Manville Corp.*, 759 F.2d 271 (3d Cir.1985). Setting aside Plaintiff's drastic misapprehension of the Supremacy Clause and the First Amendment, Plaintiff essentially requests that this court intervene in an ongoing state criminal prosecution. The Judicial Defendants argue, *inter alia*, that principles of comity require this court to decline to intercede in Plaintiff's criminal case.

The Supreme Court has long held that a district court should refrain from exercising jurisdiction when a petitioner invokes federal jurisdiction in an effort to

3

restrain state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). "The doctrine of *Younger* abstention 'reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Wattie-Bey v. Attorney Gen.'s Office*, 424 F. App'x 95, 96 (3d Cir. 2011) (quoting *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1200 (3d Cir. 1992)). *Younger* abstention is proper when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Gwynedd Properties v. Lower Gwynedd Twp.*, 970 F.2d at 1199.[2] In the instant case, each prong of the *Younger* test has clearly been met.

Plaintiff has expressly stated and provided docket sheets for her pending criminal charges in Cumberland County. (*See* Doc. 3.)[3] Thus, the first prong is met. It is clear that Pennsylvania has an important interest in construing and enforcing its own laws and preventing criminal activity within its borders. *Bey v.*

---

[2] If the three-prong test is met, a court may still conclude that *Younger* abstention is inappropriate if "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist. . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir.1989). No extraordinary circumstances exist in this case, and Plaintiff has made no allegations or demonstration that the state court proceedings were brought in bad faith or for purposes of harassment.

[3] The court notes that, even if Plaintiff did not file the docket sheets of her criminal proceedings, the court is empowered to take judicial notice of state court docket sheets. *Haynes v. Kerestes*, No. 14-cv-5623, 2017 WL 2729185, *1 n.2 (E.D. Pa. June 23, 2017).

*Pa.*, No. 10-cv-2290, 2011 WL 332497, *3 (M.D. Pa. Jan. 4, 2011), *report and recommendation adopted*, 10-cv-2290, 2011 WL 318089 (M.D. Pa. Jan. 31, 2011). Thus, the second prong is met. Finally, the Supreme Court has held that state courts present an adequate forum for adjudicating constitutional challenges to state laws. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) (stating that *Younger* requires only "an opportunity to present federal claims in a state proceeding"); *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15 (1987) (holding that the "burden [] rests on the federal plaintiff to show that state procedural law barred presentation of its claims." (internal citation and quotation omitted)).[4] Thus, all prongs of the *Younger* abstention doctrine are met in this case, and this court must decline to exercise jurisdiction where doing so would directly interfere with ongoing state law criminal proceedings.

Although the instant motion to dismiss was filed only by the Judicial Defendants, "[a] court may *sua sponte* dismiss claims against nonmoving defendants 'where nonmoving defendants are in a position similar to that of a

---

[4] The Judicial Defendants additionally raise defenses specific to members of the judiciary. Were this court not dismissing the Complaint pursuant to the *Younger* abstention doctrine, the court would dismiss the claims against the Judicial Defendants pursuant to the doctrine of absolute judicial immunity. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Moreover, judges are not proper defendants to constitutional challenges to state laws as they are neutral adjudicators and have no authority to amend or create state laws. *Brandon E. ex. rel. Listenbee v Reynolds*, 201 F.3d 194 (3d Cir. 2000); *Douris v. Schweiker*, 229 F.Supp. 2d 291, 410 (E.D. Pa. 2002). Accordingly, the court finds that the Complaint is legally insufficient to state a claim against the Judicial Defendants and that any amendment would be futile. *See United States v. Union Corp.*, 194 F.R.D. 223, 237 (E.D. Pa. 2000). Thus, Plaintiff's Complaint will be dismissed with prejudice as to the judicial defendants.

5

moving defendants [sic] or where the claims against all defendants are integrally related.'" *Futterknecht v. Thurber*, No. 14-cv-7395, 2015 WL 4603010, *3 n.1 (D.N.J. July 30, 2015) (quoting *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir.1993)). Moreover, "[i]t is well settled that a district court has the inherent power to dismiss a complaint *sua sponte* for failure to state a claim as to non-moving defendants when those claims are frivolous." *Brown v. City of Phila.*, No. 04-cv-5163, 2005 WL 1971875, *5 (E.D. Pa. Aug. 12, 2005) (citing *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 264 n.2 (2d Cir. 2000) ("We conclude that the District Court properly determined that it possessed the power to dismiss the instant action *sua sponte*, notwithstanding the fact that [Plaintiff] had paid the [] filing fee rather than requesting permission to proceed *in forma pauperis*. If [Plaintiff] had sought to proceed *in forma pauperis*, dismissal would have been mandatory under 28 U.S.C. § 1915(e)(2)."); *see also Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-308 (1989) ("Section 1915 . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991) (holding that court may dismiss complaint *sua sponte* "when it is patently obvious that the plaintiff could not prevail on the facts alleged"); *Jefferies v. Velasquez*, No. 88-cv-1384, 1988 WL 16959 at *1 (E.D. Pa. Feb. 26, 1988).

The court's analysis under the *Younger* abstention doctrine would be identical with respect to remaining defendants. Accordingly, the court exercises its inherent power to dismiss Plaintiff's Complaint in its entirety with respect to all defendants.[5]

**III.    Conclusion**

For the reasons stated above, the court finds that application of the *Younger* abstention doctrine is proper in this matter. Accordingly, the court will grant Judicial Defendants' motion to dismiss and will dismiss Plaintiff's Complaint in its entirety. An appropriate order will follow.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 6, 2018

---

[5] Because Plaintiff's criminal prosecution is ongoing, any constitutional claims raised by Plaintiff have not been fully adjudicated by the state courts. The Third Circuit has held that where state courts have not considered the same constitutional claims raised by a plaintiff in her federal case, dismissal pursuant to the *Younger* abstention doctrine must be without prejudice. *Eldakroury v. Attorney Gen. of N. J.*, 601 Fed. Appx. 156, 158 (3d Cir. 2014) (distinguishing *Lui v. Comm'n on Adult Entm't Establishments*, 369 F.3d 319, 327 (3d Cir.2004)).